James R. Patterson, State Bar No. 211102
Allison H. Goddard, State Bar No. 211098
Jacquelyn E. Quinn, State Bar No. 314616
PATTERSON LAW GROUP APC
1350 Columbia St., Suite 603
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991
jim@pattersonlawgroup.com
ali@pattersonlawgroup.com
jackie@pattersonlawgroup.com

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**08/09/2018** at 04:06:34 PM
Clerk of the Superior Court
By Connie Hines, Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO - CENTRAL DIVISION

| | |
|---|---|
| RAYMOND RAMIREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE GEO GROUP, INC., a Florida Corporation, and DOES 1- 100, inclusive,<br><br>Defendants. | CASE NO.: 37-2018-00039882-CU-OE-CTL<br><br>[E-FILE]<br><br>**CLASS ACTION COMPLAINT**<br><br>1) Violation of California Labor Code § 226.7 (Failure to Pay Meal and Rest Period Wages);<br>2) Violation of California Labor Code §§ 510, 1194(a) and 1197 (Failure to Pay Lawful Wages);<br>3) Violation of California Labor Code §§ 201-203 (Failure to Pay All Wages Owed);<br>4) Violation of California Labor Code § 226(a) (Improper Wage Statements);<br>5) Violation of California Labor Code § 2802 (Failure to Reimburse Business Expenses); and<br>6) Violation of California Business & Professions Code § 17200, et seq. (Unfair Competition)<br><br>**[DEMAND FOR JURY TRIAL]** |

CLASS ACTION COMPLAINT

# INTRODUCTION

1. Based on personal knowledge, information, and belief, plaintiff Raymond Ramirez, a former non-exempt security officer member, brings this putative class action, on behalf of himself and all other similarly situated non-exempt security officer members, against his former employer The Geo Group, Inc. ("GEO") for numerous wage and hour violations, including: (1) failing to pay security officers according to their electronic time keeping system (Kronos), whereby GEO requires officers to clock on and off for every shift, but only pay them according to their scheduled shift times; (2) failing to providing off-duty meal breaks; (3) failing to provide off-duty rest breaks or otherwise obtaining a waiver from the DLSE; (4) failing to provide timely and accurate wage statements; and (5) failing to reimburse for business expenses.

2. This is a class action under Code of Civil Procedure section 382 seeking recovery for Defendant's violations of provisions of the California Labor Code (hereinafter "Labor Code"); California Business and Professions Code; the applicable Wage Orders issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Orders"); and related common law principles.

3. Plaintiff seeks monetary damages, including full restitution, from Defendant as a result of Defendant's unlawful, fraudulent and/or unfair business practices.

4. The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of this class action complaint against GEO, up to and through the time of trial for this matter.

# JURISDICTION AND VENUE

5. The Superior Court of California for the County of San Diego has jurisdiction over this matter pursuant to the California Labor Code and the California Business & Professions Code.

6. Venue is proper in this Court pursuant to Code of Civil Procedure section 395(a). Defendants regularly conduct business throughout California, including San Diego County, and a substantial portion of the harm caused by Defendant to Plaintiff and numerous other putative class members took place in San Diego County.

# THE PARTIES

7. Plaintiff Ramirez currently resides in San Angelo, Texas. Plaintiff Ramirez is a former

employee of GEO.

8. Defendant GEO is a for-profit corporation proving correctional, detention, and community reentry services. GEO is organized under the laws of Florida and maintains its principal place of business at 621 NW 53rd Street, Suite 700, Boca Raton, Florida 33487. GEO is registered and does business in California as GEO California, Inc.

9. At all times hereinafter mentioned, GEO was an employer whose employees were and are engaged throughout the State of California and/or the various states of the United States of America.

10. Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1-100, but pray for leave to amend and serve such fictitiously named Defendants once their names and capacities become known.

11. Plaintiff alleges on information and belief that the named and DOE Defendants were: (1) acting as express agents, implied agents, ostensible agents, servants, partners, and/or employees of each other; (2) acting within the scope of and pursuant to such agency and employment, and with the full knowledge, consent, permission, approval, and ratification, either express or implied, of each of the other defendants and benefited from the actions of every other defendant, thereby adopting such conduct and actions as their own; (3) acting as each other's alter egos; and (4) aiding and abetting and offering substantial assistance to each other in the commission of the alleged wrongful acts.

12. Plaintiff is informed and believes, and based thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendant and DOES 1-100 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent the official policies of GEO.

13. Plaintiff is informed and believes, and based thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

### GENERAL ALLEGATIONS

14. GEO is a multibillion-dollar corporation that owns and operates detention facilities around the world. GEO employs over 23,000 employees, managing approximately 141 correction, detention and

residential treatment facilities through the United States, Australia, South Africa, and the United Kingdom.

15. The vast majority of GEO's business is in the United States, where it operates 71 correctional facilities.

16. GEO owns and operates 12 correction facilities in California, including the Western Region Detention Facility, within San Diego County, at 220 West C Street, San Diego, CA 92101.

17. From March 2000 to December 2017, Plaintiff Ramirez worked as a security officer at the Western Region Detention Facility.

18. GEO requires all security officers to track hours worked by clocking-in and clocking-out through the Kronos system. Kronos accurately tracks time entries down to the minute. GEO, however, does not pay security officers according to those time entries, but instead GEO manipulates the time entries by changing the entries to reflect the scheduled shift hours or fewer hours than were actually on-the-clock. GEO also ignored work hours reflected on handwritten time records before the implementation of the Kronos system.

19. GEO requires that Plaintiff, and other class members, wear uniforms and to acquire these uniforms directly from GEO. GEO required Plaintiff, and other class members, to maintain, including cleaning/laundering, the employer-mandated uniforms. GEO failed to reimburse Plaintiff and other class members for the costs associating with maintaining and cleaning the uniforms.

20. GEO also requires that Plaintiff, and other class members, purchase duty belts, pouches associated with duty belts, flash lights, and other equipment necessary for the discharge of their duties. GEO, however, failed to reimburse and indemnify Plaintiff and other class members for the costs of such equipment.

21. Plaintiff Ramirez and Class Members also do not receive true off-duty breaks. GEO essentially forces security officers to remain on-duty during their breaks by requiring them to, among other things, carry radios throughout their shifts, and monitor and respond to emergencies and incoming calls at all times. GEO also required security officers to remain on premise during rest breaks.

22. Moreover, GEO has chosen to understaff its facilities during shifts. This policy prevents security officers from taking off-duty meal and rest breaks, and forces them to work off-the-clock. GEO also requires security officers to remain on-duty during breaks by requiring them, among other things, to

carry radios and monitor and respond to emergencies, and requests at all times.

23. GEO's policy and practice is to require security officers to remain on-call during rest breaks. California law requires employers to provide employees with paid duty-free 10-minute rest breaks for every four hours worked. To be exempt from the rest break requirement, employers must apply to the DLSA and post the application at the place of employment.

24. Plaintiff alleges on information and belief that GEO has not received an exemption from providing off-duty rest breaks to security officers, yet its policy and practice is to require security officers to work through their rest breaks by, among other things, subjecting the breaks to interruption if there is an emergency or a security officer is needed. Thus, GEO's failure to provide duty-free rest breaks is unlawful.

25. Based on the policies and practices set forth above, GEO failed to provide security officers with accurate wage statements in violation of Labor Code § 226 and pay all final wages owed to terminated guards and guards who quit under the Labor Code §§ 201-203.

26. Plaintiff is informed and believes, and based thereon allege, that at all times herein mentioned, GEO was advised by skilled lawyers and other professionals, employees, and advisors knowledgeable about: (1) California and federal labor and wage law; (2) employment and personnel practices; and (3) the requirements of California and federal law.

27. Defendant knew or should have known that it had a duty to properly compensate Plaintiff and the other Class Members, and it willfully, knowingly, and intentionally failed to do so in order to increase its profits.

28. Defendant knew or should have known that Plaintiff and the Class Members were entitled to immediate payment of their wages upon the termination of their employment.

29. Defendant knew or should have known that it was required to keep accurate payroll records showing the hours that Plaintiff and the Class Members worked.

30. Defendant knew or should have known that Plaintiff and the Class Members were entitled to receive complete and accurate wage statements in accordance with California law.

31. Defendant knew or should have known that it had an obligation to pay for all hours worked by Plaintiff and the Class Members, without reduction or rounding, but it willfully, knowingly, and intentionally failed to do.

32. Defendant knew or should have known that it had an obligation to provide Plaintiffs and the Class Members with off duty rest breaks and meal periods in accordance with California law, which it failed to do.

33. Defendant knew or should have known that it had an obligation to accurately track time for meal periods with respect to Plaintiff and the Class Members in accordance with California law, which they failed to do.

34. Defendant knew or should have known that it was required to reimburse Plaintiff and the Class Members for business expenditures, such as uniforms, and other equipment and tools required for the performance of their jobs.

## CLASS ALLEGATIONS

35. Plaintiff brings this action on behalf of himself, as well as on behalf of each and all other persons similarly situated, and thus seek certification under section 382 of the California Code of Civil Procedure.

36. The proposed class in this action consists of and is defined as:

> All of GEO's California-based employees who worked as a security officer during the Class Period.

37. There is a well-defined community of interest in the litigation and the Class is easily ascertainable:

   a. <u>Numerosity</u>: The members of the Class are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiffs at this time; however, the Class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of GEO's employment records.

   b. <u>Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

   c. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests

of each Class Member with whom he has a well-defined community of interest and typicality of claims, as alleged herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts, or differences with any Class Member. Plaintiff's attorneys and class counsel are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action will continue to incur, costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

    d. <u>Superiority</u>: The nature of Plaintiff's claims makes the class action procedure superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

    e. <u>Public Policy Considerations</u>: California employers frequently violate employment and labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. Class actions provide the Class Members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while still protecting their privacy.

38. There are common questions of law and fact as to the Class that predominate over questions affecting only individual members, including, but not limited to:

    a. Whether GEO failed to pay wages to Plaintiff and the other Class Members for all hours worked;

    b. Whether GEO timely furnished wages to Plaintiff and the other Class Members under Labor Code sections 201 and 204;

    c. Whether GEO failed to provide Plaintiff and the other Class Members with off duty rest and meal breaks;

    d. Whether GEO's failure to provide Plaintiff and the other Class Members with off duty rest and meal breaks violated the California Labor Code;

    e. Whether GEO's conduct was willful or reckless;

    f. Whether GEO complied with wage reporting as required by the California Labor Code, including but not limited to section 226;

    g. Whether GEO engaged in unfair business practices in violation of California Business & Professions Code § 17200, *et seq.*; and

    h. The appropriate amount of damages, restitution, and/or monetary penalties resulting from GEO's violations of California law.

39. At all times relevant herein, there were in full force and effect Orders of the Industrial Welfare Commission covering various occupations in which GEO's employees were employed, including but not limited to IWC Order No. 4-2001 covering the "Professional, Technical, Clerical, Mechanical and Similar Occupations." The IWC Orders are codified at Title 8, California Code of Regulations, sections 11010, *et seq*.

40. At all times relevant herein, GEO's employment of Plaintiff and the Class Members was subject to the provisions of the California Labor Code and to the IWC's Wage Orders, including but not limited Wage Order 4-2001.

### FIRST CAUSE OF ACTION
**Violation of California Labor Code § 226.7**
**(Failure to Pay Meal and Rest Period Wages)**
**Against All Defendants and on Behalf of Plaintiffs and the Class Members**

1. Plaintiff incorporates by reference and re-allege as if fully stated herein the material allegations set out in the preceding paragraphs.

2. GEO intentionally failed to ensure that its employees, including Plaintiff and the Class Members, had the opportunity to take and were provided with all proper meal periods and rest periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiff and Class Members were suffered and permitted to work through legally required meal breaks and rest breaks and were denied the opportunity to take their meal and rest breaks. As such, GEO is responsible for paying premium compensation for missed meal periods and rest periods pursuant to Labor Code § 226.7

and the applicable IWC Wage Order.

3. Plaintiff and Class Members worked in excess of five hours per day and accordingly, had a right to take a 30-minute meal period each day worked in excess of five hours. Furthermore, Plaintiff and Class Members who worked in excess of ten hours per day had a right to take a second 30-minute meal period each day worked in excess of ten hours.

4. Plaintiff and Class Members who worked at least three and one-half hours had a right to take at least a 10-minute duty free rest period for each four hours or major fraction thereof that they worked.

5. As a pattern and practice, GEO regularly required employees to remain on-duty and work through their meal periods and rest breaks without proper compensation and denied Plaintiff and class members the right to take proper meal periods and rest breaks as required by law.

6. GEO's policy of requiring employees to work through their legally mandated meal periods and rest breaks not allowing them to take proper meal periods and rest breaks is a violation of California law.

7. GEO's policy of never paying for a missed meal period that was not lawfully provided is a further violation of California law.

8. Plaintiff is informed and believes and based thereon allege that GEO willfully failed to pay employees who were not provided the opportunity to take meal breaks or rest periods the premium compensation set out in Labor Code § 226.7 and the applicable IWC Wage Order, and that Plaintiffs and Class Members are owed wages for the meal period violations and rest period violations set forth above. Plaintiffs are informed and believe and based thereon allege GEO's willful failure to provide Plaintiffs and Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty days from the time the wages were due. Therefore, Plaintiffs and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

9. Plaintiff and the Class Members are entitled to recover from GEO the unpaid balance of the unpaid premium compensation pursuant to California Labor Code § 226.7 and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

## SECOND CAUSE OF ACTION
### Violation of California Labor Code §§ 510, 1194 and 1197
### (Failure to Pay Wages)
### Against All Defendants and on Behalf of Plaintiffs and the Class Members

10. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in the preceding paragraphs.

11. Throughout the class period, Ramirez, the Class Members were classified as non-exempt and were not compensated for all hours worked, such as off-the-clock time, straight time, orientation time, and overtime.

12. GEO had a policy of not compensating security officers even though GEO was obligated to pay security officers from the moment they were on-duty until they were relieved of all duties. GEO failed to do this.

13. California Labor Code § 218 authorizes employees to sue directly for any wages or penalties due to them under the Labor Code.

14. California Code of Regulations Title 8, § 11000(2) and the IWC Wage Orders §4(A) state: "Every employer shall pay to each employee ... wages not less than nine dollars ($9.00) per hour for all hours worked, effective July 1, 2014...". "Hours worked" is defined as means the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

15. GEO failed and refused to compensate security officers for all wages earned and all hours worked in violation of IWC Wage Order 4-2001 and Labor Code §§ 201, 202, 203, 226, 510, 558, 1194 and 1197, among other applicable sections.

16. Under Labor Code § 510 and IWC Wage Orders §4(A), employees are entitled to overtime pay, which is calculated at 1 ½ times the regular rate of pay, for hours worked in excess of 8 hours per day; and employees are entitled to double their regular rate of pay for all hours worked in excess of 12 hours in any single workday.

17. GEO is required under California law to pay the Class Members for all hours worked, *i.e.*, the time during which the Class Members were subject to its control, including all the time they were suffered or permitted to work by it, whether or not required to do so.

18. Ramirez and Class Members are entitled to all wages and 1 ½ times and/or double their regular rates of pay for overtime work performed during the class period, and thus request recovery of wages and overtime compensation according to proof plus penalties, interest, attorney's fees and costs pursuant to sections 218.5, 510, and 1194 of the California Labor Code, IWC Order No. 4-2001, or any other California statutory, regulatory, or common law authority, as well as the assessment of any other statutory penalties against GEO, in a sum as provided by the California Labor Code and other applicable California statutes and regulations.

19. In addition, GEO failed to pay Plaintiff and the Class Members for all the hours that they worked without reduction or rounding.

20. GEO's failure to pay Plaintiff and the Class Members the applicable minimum and overtime wages for each hour worked during the workweek constitutes a violation of California Labor Code §§ 510 and 1194(a).

### THIRD CAUSE OF ACTION
### Violation of Labor Code §§ 201 - 203
### (Failure to Pay All Wages Owed)
### Against All Defendants and on Behalf of Plaintiffs and the Class Members

21. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in the preceding paragraphs.

22. At all times herein set forth, California Labor Code § 202 provided that if an employee quits his or her employment, the wages earned and unpaid at the time of quitting are due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to all wages at the time of quitting.

23. At all times herein set forth, California Labor Code § 201 provided that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

24. Plaintiff quit his employment with GEO but was not provided with all his wages, earned and unpaid, in accordance with Labor Code § 202.

25. GEO' failure to pay Plaintiff and the Class Members their wages earned and unpaid upon

quitting violates California Labor Code § 202.

26. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with Section 201, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

27. Plaintiffs and the Class Members are entitled to recover from GEO the statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum, pursuant to California Labor Code § 203.

## FOURTH CAUSE OF ACTION
### Violation of California Labor Code §226(a)
### (Improper Wage Statements)
### Against All Defendants and on Behalf of Plaintiffs and the Class Members

28. Plaintiff incorporates by reference and re-allege as if fully stated herein the material allegations set out in the preceding paragraphs.

29. GEO intentionally failed to provide Plaintiffs and the Class Members with complete and accurate wage statements pursuant to the requirements of California Labor Code § 226(a).

30. GEO intentionally did not provide Plaintiffs and the Class Members wage statements that met all the requirements under California Labor Code § 226(a).

31. GEO intentionally did not provide Plaintiffs and other Class Members wage statements that included the total number of hours they worked, all applicable hourly rates, and the applicable pay period, which further injured them by making it more difficult to ascertain if or when certain rights under the California Labor Code had been violated, and, in part, prevented them from ascertaining that they were, in fact, not receiving the proper payment of their overtime wages.

32. Plaintiffs and the Class Members are entitled to recover the greater of their actual damages caused by GEO's failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000), and an award of costs and reasonable attorneys' fees pursuant to California Labor Code § 226(e).

///

### FIFTH CAUSE OF ACTION
### Violation of California Labor Code §2802
### (Failure to Reimburse Business Expenses)
### Against All Defendants and on Behalf of Plaintiffs and the Class Members

33. Plaintiff incorporates by reference and re-allege as if fully stated herein the material allegations set out in the preceding paragraphs.

34. Labor Codes § 2802 requires an employer to indemnify his or her employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

35. IWC Wage Order No. 4 § 9(B) provides that when tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer.

36. AGS failed to reimburse Plaintiffs and the Class Members for necessary business expenditures they incurred, including travel expenses, uniforms, and tools and equipment required for the performance of their duties.

37. Under Labor Code § 2802, Plaintiff and the Class are entitled to recover from AGS all expenses they incurred required for the performance of their job duties, plus interest, reasonable attorneys' fees and costs of suit.

### SIXTH CAUSE OF ACTION
### Violation of California Business & Professions Code §§ 17200, *et seq.*
### (Unfair Competition)
### Against All Defendants and on Behalf of Plaintiffs and the Class Members

38. Plaintiff incorporates by reference and re-allege as if fully stated herein the material allegations set out in the preceding paragraphs.

39. GEO's conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, the other Class Members, and the general public. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5.

40. GEO's activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq.*

41. Plaintiffs and the putative Class Members have been personally aggrieved by GEO's unlawful business acts and practices as alleged herein, including but not necessarily limited to by the loss of money or property.

42. Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiffs and the putative Class Members are entitled to restitution of the wages withheld and retained by GEO during a period that commences four years prior to the filing of this Complaint; a permanent injunction requiring GEO to pay all outstanding wages due to Plaintiffs and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable law; and an award of costs.

**PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and all others similarly situated, pray for relief and judgment against Defendants, jointly and severally as follows:

Class Certification

1. That this action be certified as a class action;

As to the First Cause of Action
(Meal and Rest Period Wages)

1. For general unpaid wages and premium wages pursuant to California Labor Code § 226.7 and such general and special damages as may be appropriate;
2. For pre-judgment interest on any unpaid wages;
3. For statutory penalties pursuant to California Labor Code § 203;
4. For reasonable attorneys' fees and for costs of suit incurred herein; and
5. For such other and further relief as the Court may deem equitable and appropriate

As to the Second Cause of Action
(Unpaid Wages)

1. For general unpaid wages, including overtime wages, pursuant to California Labor Code §§ 510 and 1194, and such general and special damages as may be appropriate;
2. For pre-judgment interest on any unpaid wage compensation from the date such amounts were due;

3. For liquidated damages in an amount equal to the wages unlawfully unpaid with interest thereon pursuant to California Labor Code § 1194.2;
4. For reasonable attorney's fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and
5. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action
(Wages Not Paid Upon Termination)

1. For statutory penalties pursuant to California Labor Code § 203;
2. For reasonable attorneys' fees and for costs of suit incurred herein; and
3. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action
(Improper Wage Statements)

1. For all actual, consequential, and incidental losses and damages, according to proof;
2. For statutory penalties pursuant to California Labor Code § 226(e);
3. For reasonable costs and attorneys' fees pursuant to California Labor Code § 226(e); and
4. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action
(Failure to Reimburse Business Expenses)

1. For all actual, consequential, and incidental losses and damages, according to proof;
2. For pre-judgment interest on the business expenditures under California Labor Code § 2802(b).
3. For reasonable costs and attorneys' fees pursuant to California Labor Code § 2802(c); and
4. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action
(Unfair Competition)

1. The Disgorgement of any and all "unpaid-wages" and incidental losses, according to proof;

2. For restitution of "unpaid wages" to Plaintiffs and all Class Members and prejudgment interest from the day such amounts were due and payable;

3. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendant and determined to have been wrongfully acquired by Defendant as a result of violations of California Business & Professions Code § 17200, *et seq.*;

4. For reasonable attorneys' fees that Plaintiffs and other Class Members are entitled to recover under California Code of Civil Procedure § 1021.5;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court may deem equitable and appropriate.

Dated: August 9, 2018              PATTERSON LAW GROUP

By: _____
James R. Patterson
Attorneys for Plaintiffs

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated: August 9, 2018              PATTERSON LAW GROUP

By: _____
James R. Patterson
Attorneys for Plaintiffs