UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, Inc.,<br><br>Defendant. | Case No.: 18cv2136-LAB (MSB)<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br>**[ECF NO. 41]** |

On December 28, 2018, Plaintiff and Defendant, The GEO Group, Inc. ("GEO"), filed a Joint Motion for Determination of Discovery Dispute. (ECF No. 38.) For the reasons set forth below, the Court **GRANTS in part** and **DENIES in part** the motion.

## FACTUAL BACKGROUND

Plaintiff Raymond Ramirez, a former non-exempt "security officer," brings this putative class action, on behalf of himself and all other similarly situated non-exempt security class members against his former employers The Geo Group, Inc. and GEO Corrections and Detention, LLC (collectively "Defendants") for numerous wage and hour violations, including: (1) failing to pay security officers according to their electronic time keeping system; (2) failing to providing off-duty meal breaks; (3) failing to provide off-duty rest breaks; (4) failing to provide timely and accurate wage statements; and (5)

failing to reimburse for business expenses. (ECF No. 22 at 2.)  Plaintiff and GEO seek rulings with regard to various disputes arising from the parties' written discovery.

## I.      LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery regarding any unprivileged matter that is relevant to any claim or defense and proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Relevant information need not be admissible at trial to be discoverable. Id.  District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; the requesting party has had ample opportunity to obtain discovery; or the discovery sought is beyond the scope of Federal Rule of Civil Procedure 26(b)(1).  Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Federal Rule of Civil Procedure 26(b).  Id. at 34(a).  "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Id. at 34(b)(2)(B).  If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response.  Id.  An objection must state whether any responsive materials are being withheld on the basis of that objection.  Id. at 34(b)(2)(C).  An objection to part of a request must specify the part and permit inspection or production of the rest. Id.  The responding party is responsible for all items in "the responding party's possession, custody or control." Id. at 34(a)(1).

Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

An interrogatory may relate to any matter that may be inquired of under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Id. at 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Id. at 33(d).

The Ninth Circuit has explained that "[d]istrict courts have broad discretion to control the class certification process, and 'whether or not discovery will be permitted . . . lies within the sound discretion of the trial court.'" Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009) (quoting Kamm v. Cal. City Dev. Co., 509 F2d. 205, 209 (9th Cir. 1975)). "The plaintiff in a class action 'bears the burden of . . . showing that . . . discovery is likely to produce substantiation of the class allegations[]' . . . Once this showing is made, it is an abuse of discretion to deny precertification discovery." Perez v. Safelite Grp. Inc., 553 F. App'x 667, 668-69 (9th Cir. 2014) (citing Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985) and Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977)); see also Franco v. Bank of Am., No. 09cv1364–LAB (BLM), 2009 WL 8729265, at *3 (S.D. Cal. Dec. 1, 2009) (citing Mantolete, 767 F.2d at 1424) ("While courts generally allow plaintiffs to obtain discovery from defendants related to class certification issues, plaintiffs bear the burden of showing that such discovery is likely to produce substantiation of the class allegations.").

Discovery in a putative class action at the pre-certification stage is generally limited to such certification issues as the number of class members, the existence of

common questions, typicality of claims, and the representative's ability to represent the class. Gusman v. Comcast Corp., 298 F.R.D. 592, 595 (S.D. Cal. 2014) (citation omitted). "Although discovery on the merits is usually deferred until it is certain that the case will proceed as a class action, the merits/certification distinction is not always clear," because the facts that are relevant to the class determination frequently overlap with the facts that are relevant to the merits of the case. Id. (citing Wal-Mart Stores Inc. v. Dukes, 564 U.S. 338, 351 (2011) (explaining that often the "rigorous analysis" under Rule 23(a) "will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped.")).

## II. DISCUSSION

There are two sets of issues contained within this discovery dispute. The first set deals with the GEO's responses to Plaintiff's requests for production of documents ("RFPs") and interrogatories, and the second set deals with Plaintiff's responses to GEO's interrogatories. The Court will address both categories below.

**A. GEO's Objections and Responses to Plaintiff's RFPs and Interrogatories.**

**1. Scope of the Relevant Class**

Plaintiff and GEO disagree regarding the scope of the potential class into which discovery should be permitted, an issue which is pervasive to the disputes presented regarding Plaintiff's written discovery. Plaintiff's First Amended Class Action Complaint alleges causes of action for a class of "[a]ll of GEO's California-based employees who worked as a security officer during the Class Period." (ECF No. 22 at 7.) GEO points out that there is no "security officer" position at any of Defendants' facilities. (Id.) After meeting and conferring, Plaintiff maintains that discovery into Class Members should include "all non-exempt security personnel within the security department." (ECF No. 38 at 6.) GEO, however, maintain that this is overbroad when compared to the class defined in the operative complaint, and they are only obligated to provide discovery responses pertaining to potential class members holding the two positions that Plaintiff held during his employment, "correctional officer" and "assistant shift supervisor." (Id.)

If Plaintiff seeks discovery beyond the positions he held with Defendants, he must demonstrate that such discovery is likely to produce substantiation of the class allegations. See Mantolete, 767 F.2d at 1424; see also, e.g., Nguyen v. Baxter Healthcare Corp., 275 F.R.D. 503, 505-08 (finding that plaintiff failed to justify discovery beyond the facility where she worked where plaintiff's only evidence regarding the practices at other facilities was "common sense"); Franco v. Bank of America, No. 09cv1364-LAB (BLM); 2009 WL 8729265, at *3-4 (S.D. Cal. Dec. 1 2009) (finding plaintiff had not justified discovery beyond the branch offices where he worked where "Plaintiff ha[d] not provided sufficient facts to support his claim of a company-wide policy and practice"). In the instant joint motion, Plaintiff has made no showing that broadening discovery outside of Plaintiff's previously held job descriptions is likely to substantiate the class allegations. Neither of the parties have described what, if any, job titles would fall within the Plaintiff's proposed scope of "non-exempt security personnel within the security department," and outside of GEO's proposed scope of the two positions that Plaintiff has held, or why discovery into those positions would likely substantiate class allegations. For this reason, the Court finds that the scope, as limited by GEO, is consistent with the pleadings, reasonable and proportional to the needs of the case.

**2. Plaintiff's RFP No. 1**

Plaintiff is seeking all versions of GEO's employee manuals and/or handbooks used during the class period. (ECF No. 38 at 2.) GEO objects indicating that portions of the employee handbook regarding compensation, overtime, recording of hours worked, meal and rest breaks, work-related uniforms, work-related equipment, reimbursement, and wage statements have already been produced, and the unproduced portions of employee handbook are not relevant and therefore undiscoverable. (Id. at 17.)

Plaintiff's only argument in support of the production of the complete handbooks is speculative at best—that it "*could* bear on other issue [sic] that *may* arise through litigation." (Id. (emphasis added).) In other words, Plaintiff seeks additional portions of the handbook, relying on only an unspecified possibility that those portions might relate

5
18cv2136-LAB (MSB)

to issues that have not yet arisen, and may never arise, in this litigation. Under Federal Rule of Civil Procedure 26(b)(1), discovery must not only be relevant, it must also be proportional to the needs of the case. Because Plaintiff failed to establish why the requested information is relevant to this case, the Court **DENIES** Plaintiff's motion to compel further responses with respect to this topic.

### 3. Plaintiff's RFP Nos. 20 and 21

Plaintiff is seeking information regarding any complaints by non-exempt security personnel during the class period and the two years prior concerning compensation and wage claims, and meal and rest breaks, including those filed with the California Division of Labor Standards Enforcement. (ECF No. 38 at 2.) GEO objects on the grounds that the request is overly broad and seeks documents outside the claims period. GEO further objects as this discovery request is premature as it seeks merit-based discovery, is not seeking certification-based discovery, and is too broad because Defendants do not identify their employees as "security personnel." (Id. at 7-8, 15-16.) Plaintiff has since narrowed the request to any complaints made regarding compensation and/or meal and rest breaks during the class period only: August 09, 2014 to present. (Id. at 14.)

Because discovery has not been phased or bifurcated in this case, and the requested discovery is relevant to the establishment of a class and may provide evidence relevant to Plaintiff's individual claims, the Court rejects GEO's prematurity argument. In light of Plaintiff's agreement to limit the request to the claims period, and noting the Court's limitation of the scope in section II.A.1, supra, the Court does not find this RFP overbroad.

GEO's final argument states that fulfilling this discovery request would be unduly burdensome and unnecessarily costly. However, GEO has not offered any evidence to meet its burden to demonstrate an undue cost or burden. See Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. Apr. 2, 1998) (citation omitted) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). Thus, the Court

**GRANTS** Plaintiff's motion to compel further responses to RFP Nos. 20 and 21 as to this topic with regard to complaints filed by people employed by Defendants in California as either correctional officers or assistant shift supervisors during the class period. GEO shall provide supplemental responses and documents no later than **March 20, 2019**.

### 4. Interrogatories No. 1 and 2

Plaintiff's interrogatories numbered 1 and 2 seek potential class member names, last known home address, and phone number. (ECF No. 38 at 2.) GEO has agreed to produce a list of the names, personnel numbers, job titles, dates of employment, and employees' last known addresses for all full-time and part-time employees who were employed as Correctional Officers from August 09, 2014 to November 09, 2018. (Id.) However, GEO refused to produce those employees' telephone numbers, claiming that Plaintiff has not shown that employee phone numbers are likely to produce information that substantiates the class allegations, and citing employee privacy concerns. (Id. at 11-13.)

Putative class members in this case not only have a potential interest in the litigation, they are also witnesses who "possess relevant discoverable information concerning issues dealing with Plaintiff's wage and hour claims, as well as class certification issues." Weigele v. Fedex Ground Package Sys., No. 06-CV-01330-JM(POR), 2007 WL 628041, at *2 (S.D. Cal. Feb 8, 2007). There is no question that contact with members of the purported class is likely to produce evidence to substantiate the class allegations, particularly under the narrowed scope of section II.A.1, supra, whether that contact is via telephone or written correspondence.

Further, in diversity actions, questions of privilege are controlled by state law. In re Cal. Pub. Utils. Comm'n, 892 F.2d 778, 781 (9th Cir. 1989); Fed. R. Evid. 501 ("But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."). Thus, California law governs application of the privacy privilege in this diversity case. In California, the right to privacy is set forth in Article I, Section I of the California Constitution. It is not an absolute right, but a right subject to

invasion depending upon the circumstances. Hill v. Nat'l Collegiate Athletic Ass'n, 7 Cal.4th 1, 37 (1994). Under California privilege law, a "party asserting a privacy right must establish a legally protected privacy interest, an objectively reasonable expectation of privacy in the given circumstances, and a threatened intrusion that it is serious." Williams v. Superior Court, 5 Cal.5th 531, 552 (2017) (citing Hill, 7 Cal.4th at 35-37 (1994)). The party seeking disclosure may raise the important countervailing interests that would be served by the requested disclosure. Id. And the party seeking protection can identify "feasible alternatives that serve the same interests or identify protective measures that would diminish the loss of privacy." Id. (citing Hill, 7 Cal.4th at 37-40). The court is required to balance the competing considerations. Id. It is insufficient to justify compelling discovery to state that private material "may lead to relevant information." Britt v. Superior Ct., 20 Cal.3d 844, 856 (1978).

Here, GEO correctly point out that employees have a privacy interest in their names and other identifying information. Pioneer Elec. (USA), Inc. v. Superior Ct., 40 Cal.4th 360, 372 (2007). However, courts have generally held that that in wage and hour class actions, fellow employees are not "expected to want to conceal their contact information from plaintiffs asserting employment law violations, that state policies in favor of effective enforcement of these laws weigh on the side of disclosure, and any residual privacy concerns can be protected by issuing . . . notices affording notice and an opportunity to opt out from disclosure." Williams, 5 Cal.5th at 554 (finding fellow employees would not expect their contact information "be withheld from a plaintiff seeking to prove labor law violations committed against and to recover civil penalties on their behalf," and collecting cases with such rulings).

GEO has already provided a significant amount of personal information including a list of the employees' names, personnel numbers, job titles, dates of employment, and employees' last known addresses, as opposed to simply identifying the putative class members as member "X" or member "Y." The information produced by GEO adequately addresses employee privacy concerns while providing Plaintiff with sufficient

information to contact potential class members who wish to communicate with Plaintiff's counsel.  There are clear privacy concerns, and the Court believes that delivering the phone numbers of employees to Plaintiff is more invasive to those employees' privacy interests than the disclosure required for the needs of this case.  The Court notes that the motion for class certification deadline is now set for April 19, 2019.  (ECF No. 40.)  Other related discovery deadlines have also been adjusted.  (ECF No. 42.)  This leaves sufficient time for Plaintiff's counsel to contact potential class members using their last known addresses.  As such, the Court **DENIES** Plaintiff's motion to compel the production of employee phone numbers in response to Interrogatories No. 1 and 2.

B.     **Plaintiff's Responses to GEO's Interrogatories**

    1.     Interrogatories No. 3, 9, 11, 12, and 13

In this series of interrogatories, GEO seeks Plaintiff's arguments and opinions related to class certification.  (ECF No. 38 at 3.)  Plaintiff objects based on claims of privilege and attorney work product, and also asserts that the interrogatories are premature.  (Id. at 24-26.)

GEO's Interrogatories No. 3, 9, and 13 ask Plaintiff to "describe in detail" how he will demonstrate that Defendants' alleged uniform policies "can be proven efficiently and manageably as a class action," how he contends this case would be tried as a class action, and why he contends "that a class action procedure is a superior means of resolving this action compared to other means." (Id. at 3.)  These interrogatories essentially ask Plaintiff to present his Motion for Class Certification in advance of the motion deadline.  Furthermore, the proposed interrogatories are not proper contention interrogatories.  They do not seek facts or application of law to fact.  See Fed. R. Civ. P. 33(a)(2).  The court "may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Id.  Contention interrogatories are premature if the propounding party cannot present plausible grounds showing that early answers to contention questions will efficiently

advance litigation, or if the defendant does not have adequate information to assert its position. Gen-Probe v. Becton, Dickinson & Co., No. 09-cv-2319-BEN-NLS, 2010 WL 2011526, at *1-2 (S.D. Cal. May 19, 2010). A contention interrogatory during the early stages of litigation is appropriate where the responses to the interrogatory would "contribute meaningfully" to: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) providing a substantial basis for a motion under Rule 11 or Rule 56. Id. (citing In re Convergent Tech. Sec. Litig., 108 F.R.D. 328, 338-39 (N.D. Cal. 1985)). To force Plaintiff to preview the class certification motion for GEO is premature, burdensome and harassing.

GEO's Interrogatories No. 11 and 12 ask Plaintiff to "[s]tate all issues that may remain for decision upon the completion of a class action," and as to each, "describe in detail how [Plaintiff contends] that such issue could be finally resolved." (ECF No. 38 at 3.) These interrogatories call for legal opinion and speculation. As such, the Court **DENIES** GEO's motion to compel further responses to those interrogatories.

### IV. CONCLUSION

For the foregoing reasons, the Joint Motion for determination of Discovery Dispute is **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED.**

Dated: February 26, 2019

Honorable Michael S. Berg
United States Magistrate Judge