1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| RAYMOND RAMIREZ, et al., | CASE NO. 18cv2136-LAB (MSB) |
|---|---|
| Plaintiffs, | |
| vs. | **ORDER REQUIRING SUPPLEMENTAL BRIEFING ON THE PARTIES' MOTION TO FILE DOCUMENTS UNDER SEAL [Dkt. 48]** |
| THE GEO GROUP, et al., | |
| Defendants. | |

17      As part of his motion for class certification, (Dkt. 50), Plaintiff Raymond Ramirez

18  moves to file various documents under seal.  Dkt. 48.

19      On non-dispositive motions, a party seeking to file under seal a document produced

20  under seal must establish there is "good cause" for sealing the record.  *See In re Midland*

21  *Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).  Unless

22  the denial of a motion for class certification would constitute the death knell of a case, "the

23  vast majority of courts within this circuit" treat motions for class certification as non-

24  dispositive motions to which the "good cause" sealing standard applies.  *Dugan v. Lloyds*

25  *TSB Bank, PLC*, 2013 WL 1435223, at *1 (N.D. Cal. 2013) (citations and internal alterations

26  omitted).   Because Ramirez's individual damages exceed $75,000—the jurisdictional

27  minimum for diversity cases—denial of class certification wouldn't be the "death knell" of the

28

case; it could still proceed on an individual basis. The Court therefore finds that Plaintiff must show only "good cause" in order to seal the documents at issue.

Here, however, Ramirez has not shown that even the "good cause" standard is met. The documents at issue appear to be human-resources policies for the GEO Defendants' prison. The only basis given for sealing these documents is that the Defendants have designated these policies "Confidential" under the Court's protective order. No explanation is provided as to why specifically the documents should be shielded from public disclosure, so the parties will need to hum a few more bars before the Court can grant the motion to seal. The parties (individually or jointly) may file supplemental briefing by **May 10, 2019** explaining why good cause exists to seal the documents at issue. That briefing is not to exceed **five pages** per side or **ten pages** jointly. The motion to seal will be denied as to any documents for which the parties are unable to show good cause.

**IT IS SO ORDERED**.

Dated: April 29, 2019

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge